MARSHALL, Respondent, *vs.* BOMPART, Appellant.

1. Where land conveyed is sufficiently described by metes and bounds, the grantee takes all within them, whether it be more or less than the quantity stated in the deed.

*Appeal from St. Louis Court of Common Pleas.*

*B. A. Hill,* for appellant. The deed calls for no monuments, and the north and south boundaries are indefinite, leaving it doubtful whether the grantor intended to bound the land on the north and south by public, or by vacant or uninhabited land. This being the case, the quantity becomes descriptive and must govern. 2 Greenl. Ev. §301, note and cases there cited. The deed calls for ten arpens in front by twenty arpens

in depth. Courses and distances govern, where there are no established objects to control them. 1 McLean, 518. 3 Murphy, 82. 4 J. J. Marsh. 279. 6 Wheat. 582. 8 Greenl. 61. 4 Shep. 343. 2 Flintoff on Real Property, 537, 538. 2 Greenleaf's Cruise on Real Property, 338, note. The plaintiff entered into possession of the ten by twenty arpens conveyed, in 1843, but never occupied the strip sued for. If the description is doubtful or ambiguous, the practical construction of it by the parties, by acts of occupancy or otherwise, is admissible in aid of the interpretation. *Stone* v. *Clark*, 1 Met. 378. *Waterman* v. *Johnson*, 13 Pick. 261. *Frost* v. *Spalding*, 19 Pick. 445. 22 Pick. 410. 4 Metcalf, 438. The plaintiff has fixed his south boundary, and cannot be permitted to deny it now. He must commence there.

· *Frémon & Reber*, for respondent. All the land included within the boundaries mentioned in a deed passes by it. 4 Kent, 466. 2 Greenleaf's Cruise, note, 334, 338. 15 Mo. Rep. 80. The call for " vacant land" on the north in Duchouquette's deed cannot be satisfied without including the land in dispute. The call is also for " vacant land" on the south, and Marshall could as well be shoved from the south as from the north. It was clearly the intention to convey ten arpens in front by a depth extending from the southern to the northern line of the Spanish grant ; and because the grant, as confirmed and surveyed by the United States, overruns in quantity, the defendant wishes to appropriate the plaintiff's part of the excess, without even a pretence of title.

SCOTT, Judge, delivered the opinion of the court.

Henry Duchouquette was possessed of a large tract of land, twenty arpens front by forty arpens in depth. On the 29th of April, 1816, he conveyed to Paul Guitarre, under whom the plaintiff claims, " a tract of land of ten arpens in front by twenty in depth, or two hundred arpens in superficies, situated near the River Des Peres, in said county ( of St. Louis,) bound-

ed on the west by the land of Joseph Charleville, north. and south by vacant lands, and east by me, the above named grantor. The which tract of two hundred arpens of land is situated in the west part of a larger quantity acquired by me of Thomas Barois," &c. Duchouquette's claim was part of a larger one, which was conceded and surveyed under the Spanish government, being twenty arpens in front by eighty arpens in depth. After its confirmation, under the act of 1816, it was re-surveyed in the year 1817, under the authority of the laws of United States, and the tract conveyed by the boundaries above set forth, was ascertained to contain twenty acres more than was supposed at the date of the conveyance. Now, the only question is, whether, by the description set forth in the conveyance above referred to, all the lands within the boundaries passed, or whether only two hundred arpens; it being admitted, that the land north and south of that conveyed, was public or vacant land; that on the west was the property of Jos. Charleville, and that on the east in the possession of Duchouquette.

1. The deed, whose construction is involved in the present case, is in the French language, and from that circumstance, as well as from the names of the parties, we are warranted in assuming that it was between Frenchmen or the early inhabitants of this country. The almost invariable mode of granting land under the Spanish government, in this province, was, in the form of parallelograms; so many arpens front by so many in depth, usually exceeding the quantity in front. It was natural that a mode of describing the boundaries of concessions, pursued by the public authorities, should be imitated by the inhabitants in their transfers from one to another. When the boundaries of a Spanish grant or concession were ascertained, there never was any question as to whether all the land included in the boundaries passed, although it might have exceeded the quantity expressed to be conveyed. It is known that the Spanish concessions always included within their surveys a greater quantity than was expressed to be granted. The ob-

jects called for in the description of the boundaries of the tract conveyed, are "vacant lands" on the north and south. There can be no difficulty in ascertaining what was meant by the term "vacant lands." In the common understanding, all the public lands are considered as vacant. The sense of that word, amongst our people, is the same as it was under the Spanish government. The word "vacant," when applied to lands, means those which have not been appropriated by individuals.

The increase of the quantity of the tract in controversy, is caused by an extension of the length of the north and south lines. Those lines must be extended to the objects called for. If a patent or deed refer to any notorious land marks, which cannot be mistaken, such notorious land marks are to be re-garded as termini, from whence straight lines are to be run from one to the other without regard to the correspondence of either course or distance. 4 H. & M. 130.

When the west part of the tract was conveyed, we must suppose that it was the intention of the parties that all that portion of the tract which was bounded on the west by Charleville should pass. The tracts owned by Charleville and Duchouquette formerly were one tract, and they were divided by a north and south line. The construction contended for by the appellant would give him a portion of the western end of Duchouquette's tract, which is bounded by Charleville.

This case does not fall within the principle which makes the quantity descriptive when the boundaries are not sufficiently certain and demonstrative; but it is governed by the rule, that if the land is sufficiently described by metes and bounds, the grantee takes all within these, whether it be more or less than the number of acres stated.

The other judges content, judgment affirmed.