| 86 | 193 |
|----|-----|
| 98 | 359 |
| 86 | 193 |
| 102 | 206 |
| 102 | 407 |

THE STATE *ex rel.* YEOMAN, *Appellant,* v. HOSHAW.

1. **Statute of Limitations:** GUARDIAN'S BOND. The statute of limitations begins to run against the ward, from the time of the guardian's final settlement in an action on the latter's bond for failure to pay the amount found due the ward on such settlement.

2. **Guardian and Ward:** FINAL SETTLEMENT: SURETIES. The judgment for the ward against the guardian on the final settlement is conclusive on the sureties on his bond, as it is likewise conclusive for them against the ward.

3. **Parties.** Under our statute, making all contracts joint and several, a separate action may be brought against one of several heirs to charge him on the bond of his ancestor where such heir holds his portion of the estate in severalty.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

VOL. 86—13·

*Henry Brumback* and *N. Gibbs* for appellant.

(1)    The court erred in sustaining the demurrers and in overruling the motions for a new trial.    2 Blackstone, 243 ; 1 Chitty's Pleading, 52 ; *Barber v. Fod*, 1 Saunders, 136 ; *Walker v. Ellis*, 2 Munford, 88 ; *Rufner v. McConnell*, 14 Ill. 169 ; *Baker v. Hunt*, 40 Ill. 264 ; *Morse v. Aldrich*, 19 Pickering, 452 ; *Hall v. Martin*, 46 N. H. 337 ; *Metcalf v. Smith*, 40 Mo. 576.    (2) The common law liability of the heir is recognized by the statute of our state.    R. S., 1879, secs. 659, 660, 3944.    The petition shows a demand which comes within that class of exceptional cases, that cannot be presented to the administrator and proved against the estate of the decedent, and which will support an action against the heir.    *Sauer v. Griffin*, 69 Mo. 654; *Pres. Church v. McIlhinny*, 61 Mo. 540.    (3) Nor is this action barred by the statute of limitations.    "It does not appear that the accounts of the guardianship have been settled by the parties, or that any proceedings have been had before the chancellor, requiring an account of the guardian. Until the accounts are thus settled, an action cannot be sustained on the bond.    A guardian must first be called to account before the surety is liable."    *Stillwell v. Mills*, 19 Johnson, 304; *Salisbury v. Van Hoesen*, 3 Hill, 77 ; *Pratt v. McJunkin*, 4 Richardson (S. C.) 5 ; *Justices v. Willis*, 3 Yerger, 461 ; *Baily v. Rogers*, 1 Maine, 186 ; *Foteaux v. Le Page*, 6 Iowa, 123 ; *O'Brien v. Strange*, 42 Iowa, 643 ; *Wann v. People*, 57 Ill. 202 ; *Roberts v. Colvin*, 3 Grattan, 358 ; *Chapin v. Livermore*, 13 Gray, 561.    The statute of limitations does not begin to run until the estate is held adversely by the guardian.    *Norton v. Thompson*, 68 Mo. 143.    (4) The judgment on the final settlement of the guardian is a judgment conclusive against the securities on his bond.    *State ex rel. v. Drury*, 36 Mo. 288; *State ex rel. v. Roland*, 23 Mo. 97 ;

*Mitchell v. Williams,* 27 Mo. 399. (5) There was no defect of parties defendant. *Metcalf v. Smith,* 40 Mo. 576; *Butler v. Lawson,* 72 Mo. 227.

*John T. Teel* and *Phelps & Brown* for respondent.

(1) The statute of limitations began to run as soon as the wards attained their majority. *Johnson v. Smith,* 27 Mo. 591; *Colman v. Willis,* 46 Mo. 236; *Ball v. Tomson,* 4 W. & S. 557; *Green v. Johnson,* 3 Gill. and John. 389; *Alston v. Alston,* 34 Ala. 29; *Taylor v. Kilgore,* 33 Ala. 221; *Davis v. Ford,* 7 Ohio, 104. The ward, on coming of age, has an action against the guardian for moneys belonging to him, remaining in the guardian's hands, without waiting for a final settlement. *State v. Rosswag,* 3 Mo. App. 11; *Flach v. Fossen, Ib.* 561; *State v. Harris,* 71 North Carolina, 744. And where the guardian has deceased, the ward's claim may be presented, like other claims, against the guardian's estate. *Flach v. Fassen,* 3 Mo. App. *supra;* Schouler's Domestic Relations (3 Ed.) sec. 382, p. 382. The ward's right to call his guardian to account may be barred by limitation, computed from the time he becomes competent to act. *Bones' Appeal,* 27 Pa. St. 492; *Robert v. Morrin,* 27 Mich. 306; *Railsback v. Williamson,* 88 Ill. 494. (2) The marriage of Margaret Woodrow to John Forshee, October 21, 1863, terminated the guardianship or office of Younger, and he, as such guardian, at once became liable to John Forshee and his wife for all money and property in his hands belonging to his said ward, and Forshee and his wife, or Forshee, as her husband, could maintain an action for the recovery of all accounts then due. *Parch v. Fries,* 3 C. E. Green, 204; *Bartlett v. Cowels,* 15 Gray, 445; Schouler's Domestic Relations, sec. 313 (part 4, 3 Ed.) The statute of limitations begins to run against a female infant upon her attaining majority, notwithstanding she may have previously mar-

ried. *Watts v. Gunn*, 53 Miss. 502; *State v. Parker*, 8 Baxter (Tenn.) 495; *Cozzens v. Farmer*, 30 Ohio St. 491. Besides, coverture is a personal privilege and cannot avail a wife's assignee. (3) There is a defect of parties defendant; all the heirs should have been joined in the suit. These different suits cannot be maintained against the several heirs of Oswald Hoshaw, deceased, because they all grow out of one transaction; that is, the execution of one bond by the ancestor as surety of Younger, and the breach thereof. *Boutell v. Warne*, 62 Mo. 350; Bliss on Code Pleading, sec. 118; *Dillard v. Railroad*, 58 Mo. 69; *State v. Davis*, 35 Mo. 406; *Wagner v. Jacoby*, 26 Mo. 533. (4) The objection of defect of parties plaintiff or defendant is properly raised by demurrer or answer. Sec. 3515, R. S.; *Rengger v. Lindenberger*, 53 Mo. 364; *Dunn v. The H. & St. J. Ry. Co.*, 68 Mo. 269.

BLACK, J.—A demurrer was sustained to the petition in this case, judgment was entered thereon and plaintiff appealed. The facts disclosed by the petition are that W. H. Younger was, by the county court of Lawrence county, appointed guardian and curator of John, Ephraim and Margaret Woodrow. He gave bond conditional for the faithful performance of his duties with Oswald Hoshaw as one of his sureties. The bond was approved in February, 1854. Oswald Hoshaw, the surety, died and his estate was finally settled in the probate court before the wards arrived at the age of majority. The defendant is an heir of Oswald Hoshaw and received from his father's estate personal and real property. In 1867, Younger, as guardian, filed his final settlement in the probate court of Lawrence county, to which the wards filed exceptions, and from the judgment of that court the guardian appealed to the circuit court. The cause, on change of venue, went to the Greene circuit court, where Ephraim Woodrow obtained judgment

against the guardian, Younger. This judgment was recovered on the nineteenth of December, 1871. Ephraim assigned the judgment to Yeoman, the plaintiff herein, in 1879, who commenced this suit on the seventeenth of December, 1881, in which he asks judgment against the defendant because of assets descended to him from the deceased surety on the bond.

1. The question presented by the demurrer is, when did the ten years' statute of limitations commence to run against the ward in a suit on the bond. If it commenced to run when the ward became of age, then this suit is barred. If not until the final adjudication on the final settlement, then this suit is not barred. There is no doubt but that the statute of limitations will begin to run in favor of an administrator and against a distributee from the date of the final settlement and order of distribution. *State v. Blackwell*, 20 Mo. 97. The same must be true as between guardian and ward. *Johnson v. Smith's Adm'r*, 27 Mo. 591, can hardly be regarded as having any bearing upon the case at bar, for there the relations of guardian and ward did not exist. The money in that case was due the moment it was received. But the respondent insists that the *State, etc., v. Willi*, 46 Mo. 236, is decisive of this one. There the guardian made settlement just after the ward became of age. The guardian died and suit was not commenced on the bond until more than ten years after the settlement. The court then said: "So it will be seen that the fiduciary relation of an administrator and guardian is not treated as a continuing and subsisting trust after the time when, by the terms of ·its creation, it should terminate and the proceeds of the trust be accounted for." This is certainly a correct statement of the law, and, when taken in connection with the facts of that case, is not open to objection.

But it is further insisted that, by making the quotation from *Greene v. Johnson*, 3 Gill & John. 389, the

doctrine was announced that the statute commenced to run the moment the ward became of age. What was then said must be taken in connection with the facts of that case. It is true the statute declares that every guardian or curator shall continue in office, unless sooner discharged, until the ward shall arrive at full age. Then for many, and indeed for most, purposes the relation does cease, but not for all purposes. When that time arrives the guardian is required by law to make an exhibit of his accounts and file the same with the probate court. This exhibit must remain on file for at least three months. He must also give the prescribed notice of his intention to apply for a discharge. The ward may then appear and contest the correctness of the accounts and review the entire accounts of the guardian. It then becomes the duty of the guardian to pay over the balance found due to the ward. The bond stands as security that the guardian will do all of these things, and that, too, after his majority, i. e., file the account, give the notice, and pay the balance found due as ordered by the probate court. If the guardian should fail to file the accounts within the time fixed by law, the ward might bring suit on the bond and assign the breach with sufficient breadth to call for a full statement of the accounts. But the ward may not sue on the bond the day after he arrives at full age, for the guardian has the right to settle his accounts with the probate court and he has the prescribed time in which to make the same, give notice, etc., and so long as he proceeds within the appointed time there is no breach of the bond and there can be no suit on it in the circuit court. Now, in this case, the settlement was made. This suit is not for a failure to make final settlement, nor for a failure on the part of the guardian to perform any antecedent duty. The breach and only breach assigned is a failure to pay the amount of the final settlement allowed against the guardian. When did that breach arise, and, conse-

quently, the cause of action accrue? Manifestly, when the amount to be paid was ascertained and not before. That judgment is conclusive against the sureties. For them it is conclusive against the ward. He can recover no more.

2. Another objection assigned by the demurrer is that there is a defect of parties defendant. The petition alleges that the property described therein descended to the defendant as heir of the surety on the bond. It also shows that there were other heirs, but that the real estate has been partitioned and the defendant holds his portion in severalty. In 2 Tuck. Com. 111, in considering the action of a debt, it is said : "This action, we have seen, lies against the heir upon the bond of the ancestor when the heir is expressly bound therein and hath assets by descet. It is considered the heirs own debt in respect of the assets and he is, therefore, chargeable in the debt and detinent." 1 Chitt. Plead. (16 Am. Ed.) 124. He is not chargeable further than he received assets. 4 Bac. Abr., Heir & Ancestor, F. If he sets forth the assets, which he has, the judgment is special, to be recovered of the land descended. *Ib.* H. At common law it was necessary to sue all the heirs jointly. 2 Tuck. Com, 111 ; 1 Chitt. Plead. (16 Am. Ed.) 61. It appears to be made necessary so to do by statute in New York. Barbour on Parties, 136. But as all contracts are, by our law, joint and several, and the defendant holds his portion of the estate descended in severalty, we see no reason why he may not be sued without joining the other heirs.

The judgment is reversed and the cause remanded. All concur, except Sherwood, J., who did not sit in the hearing of the case.