State ex rel. Yeoman v. Hoshaw.

THE STATE *ex rel.* YEOMAN, *Appellant*, v. HOSHAW

1. **Contract:** EVIDENCE. When parties have put their contracts in writing, in the absence of accident, fraud or mistake it is conclusively presumed that the whole engagement, and the extent and manner of their undertaking was reduced to writing.

2. ——— : ———. Where there is but a memorandum of a contract, and it does not purport to be a complete expression of the entire contract, or where a part only of the contract is reduced to writing, the matter omitted may be supplied by parol evidence.

3. **Judgment, Assignment of:** PAROL EVIDENCE TO VARY. The assignment of a judgment carries with it the security. In contemplation of law, the assignee has the same right to pursue the bond and sureties, as if that right had been the terms stated in the assignment, and it cannot be affected by parol evidence.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

*Henry Brumback* for appellant.

The oral testimony, admitted by the court, was calculated to do nothing less than to vary, contradict, control, affect, diminish, emasculate and render barren the written contract of the parties. That oral testimony cannot be heard to accomplish this, is a principle elementary and constantly reiterated. 2 Kent, 556; 1 Greenl., sec. 275; *County v. Wood*, 84 Mo. 489; *Wislizenus v. O'Fallon*, 91 Mo. 184; *Pearson v. Carson*, 69 Mo. 550; *George v. Dean*, 17 Mo. App. 332; *Miller v. Dunlap*, 22 Mo. App. 97; *Turner v. Railroad*, 20 Mo. App. 632; *Howard v. Thomas*, 12 Oh. St. 201; *Cummings v. Kent*, 44 Oh. St. 92; *Forsythe v. Kimball*, 91 U. S. 291.

*Phelps & Brown,* with *R. H. Landrum,* for respondent

Parol testimony is competent to rebut the presumption that a judgment against an endorser passes by an assignment of the judgment against the principal, but nothing is said in the assignment about the judgment against the endorser. Brandt on Suretyship, sec. 34; *Bank v. Fordyce,* 9 Pa. St. 235; *Harris v. Brooks,* 21 Pick. 195.

BLACK, J.—For some of the details of this case, reference is made to the opinion filed when it was here before. 86 Mo. 193. In 1854, Wm. H. H. Younger was appointed guardian and curator of John, Ephraim and Margaret Woodrow. Such proceedings were had on the final settlement of the guardian's accounts that Margaret and her husband, John Forshee, obtained judgment against Younger in December, 1871, for $2,406.80. Judgments were also obtained by the other wards. Forshee and his wife assigned their judgment to Yeoman in April, 1879; and this is a suit by him on the guardian's bond. The present defendant, J. N. Hoshaw, is an heir of Oswald Hoshaw who was one of the sureties of Younger. The defendant is sued because of estate descended to him.

The answer, among other things, avers that the judgment was assigned by the Forshees to Yeoman with the agreement and upon the understanding that he would not require the Hoshaw heirs to pay the same or any part thereof. To prove this averment, the court admitted evidence of the declarations and conversations between the parties at the time the written assignment was made; and this ruling presents the only question before us at this time. The assignment was made under these circumstances: In 1878, Ephraim Woodrow, and Forshee and his wife, obtained a decree divesting

Younger of the title to lands in Lawrence, Jasper and Newton counties, and investing the same in them, with an order for writs of possession. The decree goes upon the ground that the land was purchased with money belonging to the wards, and that Younger, to defraud them, took the title to himself. Yeoman was in possession of the Lawrence county land by purchase from Younger. Yeoman owned eighty acres not included in the decree, and a trade was made whereby he conveyed this eighty-acre tract to Woodrow and Forshee, and they conveyed to him one hundred and twenty acres in Jasper county. At the same time he made them a quitclaim deed to lands covered by the decree and they assigned to him the judgments against Younger recovered in 1871. The assignment made by John Forshee, the one now in question, concludes: "Hereby giving him all the right and power to collect I have." Forshee and his wife both joined in another written assignment to Yeoman at a later date. It is a plain transfer of the judgment without qualifying words.

No rule of evidence is better established than the one which says when the parties have put their contracts in writing, in the absence of accident, fraud or mistake, it is conclusively presumed that the whole engagement, and the extent and manner of their undertaking was reduced to writing. 1 Greenl. Ev., sec. 275; *Pearson v. Carson*, 69 Mo. 550; *Bast v. Bank*, 101 U. S. 93. Kent states the rule in these words: "So, when a contract is reduced to writing, all matters of negotiation and discussion on the subject, antecedent to and *dehors* the writing, are excluded as being merged in the instrument." 2 Kent's Com. (13 Ed.) side p. *556. Where there is but a memorandum of a contract, and it does not purport to be a complete expression of the entire contract, or where a part only of the contract is reduced to writing, the matter omitted may be supplied by parol evidence. *Life Ass'n v. Cravens*, 60

Mo. 389; *O'Neil v. Crain*, 67 Mo. 260; *Lash v. Parlin*, 78 Mo. 392.

Now it cannot be said that the part of this contract which determines what shall pass to the assignee is omitted from the writing, for it is that about which it expresses the agreement of the parties. It is the judgment which is assigned, and the assignment of that carries the security. In contemplation of law, the assignee has the same right to pursue the bond and sureties as if that right had been the terms stated in the assignment. This is part of the contract, and it can no more be affected by parol evidence of matters of negotiation than can the language of the assignment be changed by such evidence. The evidence should have been excluded; and for a like reason the latter part of the instruction given by the court of its own motion is erroneous. The case of *Bank v. Fordyce*, 9 Pa. St. 276, does go far to support the ruling of the court in this case, but that court seems to be far more liberal in permitting parol evidence to be introduced to explain written contracts than this court has been. It should be remembered there is no ambiguity about the present contract. In our opinion there is nothing to take this assignment out of the general rule first before stated.

If it appeared that the price paid by Younger for the lands mentioned in the decree equalled the amount due those two wards, we should not reverse this judgment, for they cannot have both land and money; and Yeoman is in no condition to recover more than they could have recovered, had no assignments of the judgments been made. But there is no finding on this subject. The case was decided solely on the parol evidence offered to vary the written assignment, and that evidence, as we have said, should have been excluded. The judgment is reversed and the cause is remanded for a new trial. SHERWOOD, J., not sitting; the other judges concur.