Morgan v. Porter.

---

MORGAN *et al.* v. PORTER, *Appellant.*

DIVISION TWO.

1. **Written Contract, Omissions in: PRESUMPTION.** Where parties have reduced their contract to writing, it will be conclusively presumed in the absence of fraud, accident or mistake, that such writing includes the whole engagement and the extent and manner of the undertaking.

2. —————: **PAROL EVIDENCE.** Where in a suit on such contract the defendant claims, but fails to prove, that a part of said contract was omitted from the writing by accident, mistake or fraud, all evidence relating to such alleged omitted matter should be excluded.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

103 135
104 200

103 135
47a 546

103 135
56a 386

103 135
121 676
59a 678

103 135
127 519
61a 208

103 135
65a 27
65a 208

103 135
71a 280
71a 507

103 135
173 1244
98a 1405

*F. F. Rozzelle* and *A. M. Allen* for appellant.

(1) The court erred in excluding evidence offered by defendant Porter. (2) The court erred in admitting evidence offered by plaintiffs. (3) The declaration of an agent will not hold his principal, unless made at the time of doing some act within the scope of his agency, and form a part of the transaction itself. *McDermott v. Railroad*, 87 Mo. 285 ; *Adams v. Furnace Co.*, 78 Mo. 559 ; *Scoville v. Glassner*, 79 Mo. 449 ; *Chillicothe ex rel. v. Raynard*, 80 Mo. 185 ; *Hamilton v. Berry*, 74 Mo. 176, 553 ; *Golsten v. Ebert*, 52 Mo. 260. (4) Ellison, having failed to carry out his contract, could not recover in this suit. Plaintiffs are assignees with notice, and stand in the same position. *Mastin v. Halley*, 61 Mo. 196. (5) The judgment of the court was contrary to the evidence and the weight of the evidence.

*Dobson, Douglass & Trimble* and *Warner, Dean & Hagerman* for respondents.

(1) There is an entire absence of any testimony tending to prove that Ellison, by any artifice or fraud, caused the alleged oral agreement to be omitted from the original contract, and the allegation to that effect in the answer not only fails of proof, but was uncalled for and is manifestly unjust. There is no evidence that in any degree tends to support such allegation. (2) The testimony fairly disproves any oral contract upon the part of Ellison to build, although the burden of proof is upon the defendant Porter to show such contract. (3) In the conflict between Ellison and Hall as to the existence of an oral agreement, the written contract is corroborative evidence strongly supporting Ellison. (4) The finding of the chancellor against the existence of the oral contract upon disputed testimony, such as in this case, is entitled to the most respectful

consideration from this court, and will not be overthrown unless manifestly erroneous. *Judy v. Bank*, 81 Mo. 404 ; *Erskine v. Lowenstein*, 82 Mo. 301 ; *Snell v. Harrison*, 83 Mo. 652. (5) It was not competent to prove by parol testimony the alleged oral agreement, inasmuch as that agreement, if proved and given effect, would contradict and vary the written contract. 1 Greenleaf on Ev. [ 14 Ed. ] sec. 275 ; 2 Phillips on Ev. [ 4 Am. Ed.] p. 665 ; *Pearson v. Carson*, 69 Mo. 550, *et seq. ; Wilson v. Dean*, 74 N. Y. 531, *et seq. ; State ex rel. v. Hoshaw*, 98 Mo. 358, *et seq.* (6) In Missouri, the rule is that in the absence of fraud, accident or mistake, a written contract, appearing to be complete and free from ambiguity, is conclusively presumed to contain the whole contract and the extent of the engagement and manner of its performance. *State ex rel. v. Hoshaw*, 98 Mo. 358 ; *Pearson v. Carson*, 69 Mo. 550. All the text-writers so state the rule. 1 Greenleaf on Ev., sec. 275 ; 2 Kent [ 13 Ed. ] side p. 556 ; Smith on Contracts, side pp. 37, 38, 39, and note ; 2 Parsons on Contracts, bot. pp. 678, 679, side pp. 548, 549. (7) We shall also endeavor to show, that there was no error in the rejection or admission of any testimony complained of in appellant's brief. (8) The defendant Porter, having told plaintiffs before they purchased that Ellison owned the lots and advised them to buy and stated that Ellison was not bound to build, is estopped from setting up the alleged contract to build as against the plaintiffs.

THOMAS, J.—This is an action for specific performance of the following contract, viz. :

"I have this day sold to James Ellison for the price and sum of $4,500 the following described tract of land, lying in Jackson county, Missouri, to-wit: Beginning at the northwest corner of Twenty-sixth street and Troost avenue, running thence north one hundred feet, thence west two hundred and ninety-eight and one-half feet, thence south one hundred feet,

thence east along the north line of Twenty-sixth street two hundred and ninety-eight and one-half feet to the place of beginning. Bounded on the south by Twenty-sixth street and on the west by Harrison street. Said Ellison is to pay said sum of money within the next thirty days, or at his option is to pay $1,000 within the next thirty days and execute his note, due on or before one year, for $3,500, with interest from date at the rate of eight per cent. per annum. It is agreed as a part of the consideration of this purchase and sale that I am to remove or cause to be removed the bodies now buried in a family burying ground adjoining said property on the north, within two years from this date. And I am to entirely obliterate any mark, sign or indication of the ground now so occupied having been a burying lot. If it should be that any portion of said burying lot lies within the limits of the ground sold to Ellison as above described, he, Ellison, gives me the exclusive possession, without disturbance from him, of such portion until the removal as aforesaid.

"Upon the payment of the money as above provided I am to make said Ellison a good and sufficient general warrantee deed to said property.

"J. L. PORTER.

"By W. E. HALL, Agent.

"June 27, 1885.

"For value received, I assign and set over the above contract to William W. Morgan and Henry W. Darling. JAMES ELLISON."

There is no question that plaintiffs were, before the institution of this suit, the assignees of Ellison and as such succeeded to all his rights under this contract, nor was there any question that Ellison paid Porter on this contract the sum of $1,500, July 17, 1885; $1,800, October 18, 1885, and tendered the balance July 7, 1886.

The answer of the defendant Porter admitted the execution and delivery of the contract sued on and the

payment of the money thereon as alleged in the petition, and further alleged that the whole of the agreement between Porter and Ellison was not reduced to writing and that the sum of $4,500 was only part of the consideration, and that the balance of the agreement not reduced to writing was left out by reason of the false and fraudulent procurement of Ellison, in this, that he falsely and fraudulently made an agreement to build a house thereon worth not less than $10,000, on which promise or agreement defendant relied.

The answer also alleged that Ellison had not built or offered to build as he agreed, and had made no improvement on the land except to put a fence around it at a cost not to exceed $20, and had sold the ground to plaintiffs without any agreement from them to carry out the alleged agreement to build, and further alleged that he told the plaintiffs, before they bargained for the land, of the conditions on which Ellison had bought the same, and that the plaintiffs had full notice of said agreement before they purchased from Ellison.

Porter was the owner of the land, but Hall was his agent in this transaction, and no one had anything to do with making the contract, and no one was present when it was executed except Hall and Ellison. Hall testified that Ellison agreed to build a house on the property and that it would not have been sold for the price it was, if he had not so agreed. Plaintiffs objected to the testimony on the ground that its object was to add to, vary and contradict the written contract, but the court admitted it and plaintiffs saved their exceptions. Hall further testified that Ellison wrote the contract and he (Hall) read it over and knew its contents before he signed it, and did not request Ellison to insert in it that part of the agreement, in regard to building a house on the property, and that he relied entirely on the honor of Ellison to perform it. Ellison denies in his testimony making any such agreement, that the

whole of the agreement was reduced to writing and that he was not asked to insert in the written contract the provision about building the house. Ellison admits that he told Hall he was buying the lot to build and expected to build on it.

The court, having refused to exclude all parol testimony, which tended to add to or vary the written contract, heard a great mass of evidence as to whether Ellison did in fact agree with Hall to build on the lot and whether this agreement was an essential part of the contract, without which, Hall, as the agent of Porter, would not have sold the lot for the money consideration named by the parties, and, upon all the evidence thus admitted, found the issues for the plaintiffs and entered a decree for the specific performance of the contract set out above. From this decree Porter has appealed, Ellison not joining in the appeal.

The view we have taken of the case renders it unnecessary to set out more in detail either the evidence, or the issues made by the pleadings.

The evidence shows beyond question, we think, that the agreement to build a house on the premises, if any, was not "left out" of the written contract, "by reason of the false and fraudulent procurement of James Ellison," nor was it omitted from it by accident or mistake, but was omitted with the full knowledge of both parties, that it was not in the contract as written and executed. This being so the disposition of the case becomes very easy.

"No rule of evidence is better established than the one which says, when the parties have put their contracts in writing in the absence of accident, fraud or mistake, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking was reduced to writing." This is the language of Judge BLACK in the case of *State ex rel. Yeoman v. Hoshaw*, 98 Mo. 358. This rule we apply to the case at bar, and the court below, when defendant utterly failed

to prove that a portion of the contract was omitted from the writing, either by accident, mistake or fraud, ought to have excluded all the evidence which was intended to show that Ellison agreed to build a house on the premises. The doctrine laid down by Judge BLACK in the case cited above is indeed well settled on principle and authority. Indeed, no rule is *better* settled. See cases cited in the *Hoshaw case, supra.*

The propriety of this rule is made peculiarly manifest in this case. Here comes one of the parties and swears he would not have sold the property for $4,500 if the other had not agreed to build a good house on it, and the other retorts under oath that he would not have made the purchase at all, if he had been required to make such an agreement. The time to have tested these parties as to what they would or would not have done was when the contract was executed. If Hall had insisted on inserting that alleged part of the contract in the writing, this suit would not have been instituted and prosecuted, at least not along the line that it has proceeded. Having arrived at this conclusion, nothing remains but to affirm the judgment, which is accordingly done. All concur.