WILLIAM C. BROWN *et al*, Respondents, v. MAUD SARAH MORGAN, Appellant.

### St. Louis Court of Appeals, January 30, 1894.

1. **Mortgages, Foreclosure of:** PLEA OF PAYMENT: BURDEN OF PROOF. When payment is pleaded and put in issue in an action for the foreclosure of a deed of trust in the nature of a mortgage executed by the defendant to secure his promissory note, the plaintiff acquits himself of the burden of proof, by giving in evidence the deed and the note, and the burden then shifts to the defendant to establish a plea of payment.

2. **Deeds:** COMPETENCY OF EVIDENCE OF CONTEMPORANEOUS ORAL AGREEMENT BY GRANTEE. When a deed conveying land contains a covenant against incumbrances, evidence of a contemporaneous oral agreement by the grantee to assume an existing incumbrance on the land as a part of the consideration for the conveyance is not competent.

*Appeal from the Hannibal Court of Common Pleas.*—HON. R. F. ROY, Judge.

REVERSED.

*John T. Lighter* and *R. E. Anderson* for appellant.

The only issue in the case was as to the making of the oral contract, and, if evidence thereof was admissible, the burden of proof was clearly on plaintiffs. By the introduction of the deed of trust and note and resting their case this *onus* was not discharged, and the court ought to have sustained defendant's demurrer to plaintiff's evidence. Thompson on the Law of Trials, sec. 2245; *Boland v. Railroad*, 36 Mo. 484, 491; *Clark v. Railroad*, 36 Mo. 202, 217; *Callahan v. Warne*, 40 Mo. 131, 137; *Charles v. Patch*, 87 Mo. 450, 462. The evidence which was admitted to

prove the parol agreement, which was the foundation of the finding for plaintiffs, was in direct contradiction of the covenants in the deed. It is well settled that deeds, especially conveyances of real estate, cannot be varied, controlled or contradicted by parol evidence. *Harlow v. Thomas*, 15 Pick. 66; *Spurr v. Andrew*, 6 Allen, 420; *Howe v. Walker*, 4 Gray, 318; *Flynn v. Bourneuf*, 9 N. E. Rep. 650; *Spring v. Lovett*, 11 Pick. 416.

*Harrison & Mahan* for respondents.

It was competent for plaintiff to show that, in addition to the consideration named in the warranty deed of Brown to appellant Morgan, to wit, $2,650, appellant, at the time of making the purchase and as a part of the consideration for the land, assumed and agreed to pay off the lien held by the Hannibal Mutual Loan and Building Association. It was not repugnant to the deed to show this additional consideration. *Laudman v. Ingram*, 49 Mo. 212. It is the well established law that parol proof is admissible for the purpose of showing that a consideration, differing in amount from that recited in the deed, was the real consideration. *McConnell v. Brayner*, 63 Mo. 464; *McCrea v. Purmoth*, 16 Wend. 460, and cases cited; *Hollocher v. Hollocher*, 62 Mo. 273; *Baile v. Ins. Co.*, 73 Mo. 386; *Nedvidek v. Meyer*, 46 Mo. 600; *Clifford v. Tuvill*, 9 Ind. 633; 1 Greenleaf on Evidence, sec. 285.

ROMBAUER, P. J.—This action is one to foreclose a mortgage in the form of a trust deed, executed by the defendant and conveying to plaintiff Holme certain real estate in the city of Hannibal as security for the prompt payment of a note of $1,000, also executed by the defendant and payable to plaintiff Brown. The peti-

tion states that the note is entitled to a credit of $511.45, and no more, and it prays for a decree of foreclosure and a judgment over for any balance which might remain unpaid, after the exhaustion of the security by foreclosure sale.

The answer admits the execution of the deed and note, but claims that the latter has been fully paid, and hence, that the plaintiffs are not entitled to any decree. The answer relies upon the following facts as evidencing the payment of the note. The note was given in part payment of the purchase money for the land by the defendant to Brown. Brown's deed to the defendant contained the statutory covenants implied in the use of the term grant, bargain and sell, and also contained a special covenant of general warranty and against incumbrances suffered by Brown, or those claiming under him. At the date of the execution and delivery of the deed by Brown to the defendant, there was a subsisting incumbrance on the land conveyed, to the amount of $2,600, by deed of trust executed by Brown's grantor to the Hannibal Mutual Loan and Building Association's trustee, which incumbrance was payable in installments. Brown failed to pay these installments as they became due, and the defendant, for her own protection, and to prevent the accumulation of penalties accruing thereunder, was compelled to discharge, and did discharge, this incumbrance, and in so doing expended a greater amount than the balance alleged by the plaintiffs as remaining unpaid on the $1,000 note. The defendant claims that, by so doing, she paid the balance of the note and prays judgment.

The plaintiffs' reply admits that the incumbrance mentioned in the answer existed at the date of the conveyance of the land by plaintiff Brown to the defendant. It avers, however, that the defendant was aware of the existence of such incumbrance, and in

part consideration of the conveyance of the land to her agreed to discharge such incumbrance. As evidencing such agreement, the reply states that the deed of trust executed by the defendant, and now sought to be foreclosed, contains an express promise on her part to pay, in addition to the thousand dollar note, monthly installments of $26, which were the installments payable on the deed of trust executed by Brown's grantor to the trustee of the Hannibal Building and Loan Association.

The cause was tried by the court upon the issues thus made, and the trial resulted in a decree for the plaintiffs in accordance with the prayer of their petition. The defendant appeals, and complains that the trial court erred in the following particulars: *First.* In holding that under the pleadings the plaintiffs had discharged the burden of proof, which rested with them, by giving in evidence the note and deed of trust executed by the defendant. *Second.* In permitting the introduction of parol evidence, contradicting the covenants contained in the deed of plaintiff Brown to the defendant. *Third.* In admitting irrelevant evidence. *Fourth.* In permitting evidence in rebuttal to be given by the plaintiffs. *Fifth.* In finding upon the whole evidence for the plaintiffs, instead of finding for the defendants. These complaints we will proceed to examine in detail.

The first assignment is untenable. The plaintiff sued upon a note, which upon its face disclosed the amount due, and upon a deed admittedly executed by the defendant and providing for a foreclosure, if the debt was not paid. The defendant pleaded payment of the debt, setting out the facts which she claimed established the ultimate fact of payment. The plaintiffs denied these facts in part. Their reply confesses their truth *in part* only. When, therefore, the plaintiffs had given

in evidence the note and deed, they had acquitted themselves of the burden which the law cast upon them, and might well rest. It cannot be seriously denied that, if the defendant had introduced no evidence thereafter, the plaintiffs would have been entitled to judgment on this evidence under the pleadings, and this is the simplest test as to whether either party had established a *prima facie* case or defense as the case may be.

The second assignment of error raises a very close proposition. On the one hand, it is well settled that, where parties have put their contract in writing purporting to cover the entire contract, it is presumed that the whole engagement, and the extent and manner of the undertaking, was reduced to writing, and in absence of evidence of accident, fraud or mistake, this presumption is conclusive. *MacLeod v. Skiles*, 81 Mo. 595; *State ex rel. Yeoman v. Hoshaw*, 98 Mo. 358; *Morgan v. Porter*, 103 Mo. 135. On the other hand, it is equally well settled that the recital of a consideration in the deed, except in so far as it affects its *operative force*, is not conclusive, but the parties may show other and additional considerations, or a lesser consideration than the one recited in the deed. The recited consideration is, as was said by Judge COWAN in *M'Crea v. Purmont* (16 Wend. 465), only *prima facie* evidence of amount, or, as was said by Judge WAGNER in *Fontaine v. Boatmen's Savings Institution* (57 Mo. 561), the consideration clause in a deed has only the force and character of a receipt, and is always open to explanation and contradiction. See, also, *McConnell v. Brayner*, 63 Mo. 464; *Hollocher v. Hollocher*, 62 Mo. 273.

The question arising in this case under the propositions above stated is this: Can the grantor in a deed, in disproving the *prima facie* truth of the consideration clause, go to the extent of showing that

the additional consideration consisted of a waiver by the grantee of the grantor's covenants in the deed. On principle, there can be no distinction whether the waiver thus sought to be established affects only one covenant, or whether it affects them all. If the grantor can show, by parol, that his covenant against incumbrances has been waived as to one incumbrance, why may he not show that it has been waived as to all incumbrances by way of additional consideration? If he can thus show that the covenant against incumbrances has been thus waived, why may he not show that all the covenants of title have been thus waived, and by explaining the consideration show that all the covenants in his deed mean nothing. We confess that an affirmative answer to this query cannot be given in conformity to what we conceive to be the law touching conveyances affecting real estate. The case of *Loudman v. Ingram* (49 Mo. 212), which is mainly relied on by the plaintiffs in this case, is so meagre in its statement of facts, and so indefinite in its statement of the law, that we cannot construe it as giving sanction to a proposition which otherwise is devoid of all logical elements.

In the case at bar the deed of plaintiff Brown contains a covenant against incumbrances, and a covenant of general warranty. The attempt to show by parol that the payment of the incumbrance, which existed at the date of the conveyance, was assumed by the grantee as part of the consideration is an attempt to show that said covenant is meaningless, and is, therefore, in direct contradiction of the covenant. We must hold that the oral evidence to show this was improperly admitted. We have all the less hesitation in coming to this conclusion, since the evidence thus admitted was vague and unsatisfactory.

There is nothing in our Code which would preclude

the plaintiffs from having their deed reformed by proper proceedings in equity, if the facts warrant it. Nor is there anything which would preclude them from joining a count for foreclosure, with a count for reformation in the same action. But whatever remedy the plaintiffs have is in such a proceeding. In order to enable them to prosecute their rights in that form of action, if so advised, we will neither make nor direct judgment, but simply reverse the judgment rendered as unsupported by the evidence.

With the concurrence of all the judges, the judgment is reversed.