QUICK, *Appellant*, v. GLASS.

Division One, May 14, 1895.

Sale: MEMORANDUM: PAROL EVIDENCE. Where the memorandum of a contract of sale is incomplete, parol evidence is admissible to show the omitted matter.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Samuel O'Fallon* and *T. C. Dungan* for appellant.

(1) The court erred in admitting parol evidence of the agreement and understanding of the parties as to the sale, delivery, etc. A written contract is the consummation of all prior propositions and negotiations between the parties, and is conclusively presumed to contain the whole contract. This principle is elemental and fundamental. *Jolliffe v. Collins*, 20 Mo. 338; *Yeoman v. Hoshaw*, 98 Mo. 358. (2) Where a contract in writing is unambiguous and free of fraud, and purports to be complete in itself and to cover the entire transaction, evidence as to the terms of prior parol agreements, propositions or negotiations are inadmissible. *Turner v. Railroad*, 20 Mo. App. 632; *Railroad v. Cleary*, 77 Mo. 634; *Rollins v. Claybrook*, 22 Mo. 405; *Pearson v. Carson*, 69 Mo. 550. (3) The court clearly erred in refusing plaintiff's second instruction. The only evidence of any contract, other than the written one, sued upon, tended to modify, vary and change the said written contract and consisted of propositions offered while negotiations were pending before the written contract was made and

were merged in such written contract, and parol testimony can not be received to vary, modify, change or explain such written contract. *Railroad v. Cleary* 77 Mo. 634; *O'Bryan v. Kinney*, 74 Mo. 125; *Jolliffe v. Collins, supra; Pearson v. Carson, supra; Chrisman v. Hodges*, 75 Mo. 413; *Miller v. Dunlap*, 22 Mo. App. 97.

*A. Van Buskirk* and *John W. Stokes* for respondent.

(1) Where the written contract is perfect and complete within itself parol evidence is not admissible; but such is not the case where it is imperfect, incomplete and can not be understood without such evidence. *Lash v. Parlin*, 78 Mo. 391; *Brown v. Bowen*, 90 Mo. 184: *Yeoman v. Hoshaw*, 98 Mo. 358. (2) The memorandum of the executory contract is silent as to the disposition of the goods from its date until date for inventory. The court, therefore, committed no error, in admitting oral agreement, as to disposition of goods between the said dates. *Lash v. Parlin*, 78 Mo. 391; *Harkness v. Briscoe*, 47 Mo. App. 196; *Welsh v. Edmison*, 46 Mo. App. 282; *Yeoman v. Hoshaw*, 98 Mo. 358.

MACFARLANE, J.—The suit is for damages for breach of a written contract under which defendant sold to plaintiff a stock of goods in his store at Forrest City. Each party was a merchant doing business in said town. Terms for the sale of the stock in trade of each were proposed and plaintiff had the right to buy or sell on the proposed terms. The terms were as follows: "Said both stocks of general merchandise are to be invoiced January first to sixth, 1892, at net cost price, with no freights or drayage allowed, and all goods damaged to be a reasonable reduction, fifty per cent. to be deducted from foot of invoice, money

to be paid after inventory is satisfactorily footed up."
Plaintiff elected to take the goods on these terms.
There was no dispute over the contract as thus ex-
pressed. It was concluded December 15, 1891. De-
fendant continued selling the goods until January 1,
when what remained were invoiced and delivered to
plaintiff and accepted by him. The evidence tended
to prove that a large part of the best of the goods was
sold between the date of the contract and the date of
the invoice.

On the trial the defendant was permitted to intro-
duce evidence tending to prove that there was a verbal
understanding at the time the proposition of sale was
submitted that the one who might be the seller should
have the right to continue to sell at retail until the
time fixed for making the invoice.

This instruction asked by plaintiff was refused:
"The court instructs the jury that they will exclude all
evidence of any contract between plaintiff and defend-
ant, except that contained in the written contract
introduced and read in evidence in this cause."

The court submitted to the jury, by an instruction
given on its own motion, the question whether or not,
under the agreement of the parties, defendant had the
right to sell at retail until the time for making the
invoice.

The judgment was for defendant and plaintiff
appealed.

The contract only provides how the purchase price
shall be ascertained; the time of making the invoice;
and when payment should be made. These require-
ments the parties were not willing to intrust to the
uncertain memory of witnesses, and, having put them
in writing, evidence was not admissible to vary or con-
tradict them.

But this was a sale of goods to be executed in the future.  The object of making the invoice was to determine the quantity of the goods in order to ascertain the price to be paid.  Why was this postponed for fifteen days, if no sales were to be made in the mean time?  The contract as written was evidently incomplete in not providing what should be done with the goods between the date of the contract and the date of delivery.  This omission, we think, could be supplied by evidence outside the writing.  "Where there is but a memorandum of a contract, and it does not purport to be a complete expression of the entire contract, or where a part only of the contract is reduced to writing, the matter omitted may be supplied by parol evidence."  *State ex rel. v. Hoshaw*, 98 Mo. 360; *Rollins v. Claybrook*, 22 Mo. 406.

The right to sell was not inconsistent with any part of the contract reduced to writing, but seems rather to have been contemplated by the parties.  No error appearing, the judgment is affirmed.  All concur.