J. F. GRAHAM, Respondent, v. GEORGE S. BURNEY, Appellant.

St. Louis Court of Appeals, February 4, 1896.

Conveyances: RIGHT TO RECOVER FOR DEFICIENCY IN LAND CONVEYED. The metes and bounds and other descriptive calls in a deed conveying land will control the call for quantity; and, in the absence of a warranty of quantity, a deficiency in the quantity will not furnish any ground for relief, unless it is very gross or it distinctly appears that the land was sold at a given price per acre or that the quantity thereof furnished the consideration.

*Appeal from the Wright Circuit Court.*—HON. ARGUS COX, Judge.

REVERSED AND REMANDED.

*Wm. O. Mead* and *T. T. Loy* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—The plaintiff states, in substance, that the defendant agreed to sell to him the east half of that part of the southeast quarter of section 22, township 28, range 16, lying south and west of the Kansas City, Fort Scott & Memphis Railroad, containing sixty-five acres, and that the plaintiff agreed to pay therefor at the rate of $12.65 an acre; that the plaintiff paid that amount to the defendant, but that the defendant, instead of conveying to the plaintiff the land thus bought, executed and delivered to him a deed purporting to convey the east half of the southeast

quarter of section 22, township 28, range 16, lying south of the Gulf Railroad, containing about twenty acres. The petition then states that the deed thus delivered did not convey to the plaintiff the lands he bought and paid for, and that the defendant thereafter, with the intent and for the purpose of defrauding the plaintiff, conveyed these lands to a third person, to the plaintiff's damage in the sum of $1,000, for which he sues.

The answer denies the allegations of the petition and states, in substance, that the defendant contracted to sell to the plaintiff, for a consideration of $800, the east half of the southeast quarter of section 22, township 28, range 16, lying south and west of the Kansas City, Fort Scott & Memphis Railroad, and that he delivered to him a deed conveying the land according to the above description.

On the trial of the cause the court permitted the plaintiff, against the defendant's objections, to introduce a mass of irrelevant testimony, wholly foreign to the issues framed by the pleadings, as to what passed between the plaintiff and defendant prior to the execution of the deed. The deed which gave rise to the matter in controversy was not offered in evidence by the plaintiff at all, nor did the plaintiff give any evidence that the bargain between him and the defendant was based upon any valuation of the land *per acre*. All the evidence concurred that the consideration of $800 was based upon the purchase of the tract as a whole, and that, upon a survey thereof, it was ascertained that the entire tract lying south and west of the railroad contained much less than it was supposed to contain, and that the east half of the tract which was purchased by the plaintiff contained at most fifty-seven acres.

The defendant gave in evidence the deed which he executed to the plaintiff. In that deed the land is

described as "all E. 1-2 of S. E. 1-4 of section twenty-two, township twenty-eight, range sixteen, lying south of the Gulf Railroad, containing sixty-five acres, more or less." At the close of the entire evidence the defendant requested the court to instruct the jury that, under the testimony in the case, the plaintiff could not recover. The court refused the instruction. The jury found a verdict for the plaintiff, and the defendant appeals.

It is not apparent on what theory this action is brought. No fraud on part of defendant is alleged in the inducement or execution of the contract, and the petition furnishes no explanation how the plaintiff came to accept a deed which he avers conveyed to him lands different from those he bought. In an action at law touching the sale of lands, where no fraud is shown, the deed is the only evidence of the contract the parties made. *State ex rel. v. Hoshaw*, 98 Mo. 358; *Morgan v. Porter*, 103 Mo. 135. Accident and mistake are subjects for equitable cognizance. The petition seems to be framed on the theory that, because both parties supposed that the land bargained for contained sixty-five acres, whereas in point of fact it contained only fifty-seven acres, therefore the plaintiff had a cause of action for the deficiency. Such a view is wholly untenable, unless it is shown that the quantity furnished the inducement or consideration for the purchase.

There was no evidence in the case, that the land was purchased at so much per acre. The supposed boundaries of the land were pointed out, and proved to be the true boundaries. That the plaintiff bought the land for residence purposes, and that the portion of the land particularly adapted for that purpose is contained in the land conveyed to him all the evidence concedes. The metes and bounds and other descriptive calls in a deed will control the call for quantity

(*Marshall v. Bompart*, 18 Mo. 84; *Orrick v. Bower*, 29 Mo. 210; *Evans v. Temple*, 35 Mo. 494; *Campbell v. Johnson*, 44 Mo. 247), and, unless it distinctly appears that a sale of the land was at so much per acre, or that the quantity of the land furnished the consideration, a discrepancy in the quantity, unless it is very gross, will furnish no ground for relief in the absence of a warranty of quantity. *Wood v. Murphy*, 47 Mo. App. 539.

It results from the foregoing that the court erred in refusing the defendant's instruction, that the plaintiff could not recover under the testimony in the case. Judgment reversed and cause remanded. All the judges concur.