**CAPE COUNTY SAVINGS BANK, Respondent**

v.

**Kelly BRUNE, Appellant.**

**No. 42179.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 18, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied March 9, 1981.

Kenneth W. Shrum, Gary A. Kamp, Marble Hill, for appellant.

Peter L. Statler, Jackson, for respondent.

REINHARD, Judge.

Defendant appeals from a judgment entered for plaintiff in a replevin suit tried to the court.

Plaintiff bank sought to replevy from defendant a John Deere farm tractor, a wheel disc, and a chisel plow (hereinafter referred to as the "equipment"). In its petition, plaintiff alleged that it held a note secured by a security interest in this equipment, that the note was in default, and that its security interest therefore entitled it to possession of the equipment, then held by defendant. Defendant denied each of the allegations of plaintiff's petition and affirmatively alleged that he had purchased the equipment from one Tom Best, Sr. at a time when Best personally owned it. He also alleged that appellant was never entitled to possession of the equipment.

In support of its claim, plaintiff offered at trial a security agreement, a financing statement, and a promissory note; each of these was received in evidence without objection. The security agreement was executed on a standard printed form. The equipment which is the subject of this suit was part of the collateral named in the agreement, and plaintiff was designated as the secured party. On the lines provided for naming the debtor or debtors, "Spring Valley Dairy, Inc.," was typed on one line and on the line directly below this was typed "Tom L. and Patsy J. Best." The security agreement also contained the statement that "[d]ebtor now owns the collateral free of all liens and encumbrances and will defend title to the same against the claims and demands of all persons."

The security agreement was signed in the following manner: on the line referring to *corporations and partnerships*, "Spring Valley Dairy, Inc." was typed. In the spaces directly below, provided for representatives, appeared the signatures "Tom L. Best, Sr., Pres.," and "Patsy J. Best, Sect." There was no signature by either of the Bests in their individual capacity.

The financing statement, dated July 1, 1974, named the secured party and the debtor in exactly the same manner as did the security agreement. On the area provided for a signature, "Spring Valley Dairy, Inc." was typed, and the Bests had signed as officers of the corporation. The promissory note was dated June 29, 1974, and was made payable to plaintiff. In the space naming the debtor was typed "Spring Valley Dairy, Inc." and below this the Bests had again signed as officers. On the back of the note was typed "various milking equipment." Beneath these words appeared the individual signatures "Tom L. Best, Sr." and "Patsy J. Best" (defendant admits they signed as endorsers rather than makers).

Defendant testified that on February 12, 1976, he purchased the equipment from Tom Best with a check for $6,125, made payable to Best, and took possession of the equipment. He also testified that at the time of the purchase, Best had told him that plaintiff had a mortgage on the equipment. Defendant's check was deposited at the plaintiff bank, some of the money was withdrawn in cash and the balance deposited in the Bests' personal checking account. There is no dispute that shortly thereafter the note was defaulted on and Best "left the country."

The trial court found for plaintiff and ordered that the disputed equipment be delivered into plaintiff's possession.

On appeal, defendant argues that plaintiff never had an enforceable security interest in the disputed equipment, and that the trial court therefore erred in granting judgment for plaintiff. Defendant cites two sections of the Uniform Commercial Code, Ch. 400, RSMo 1978 in support of this posi-

tion. Section 400.9–203, RSMo 1978 states that "a security interest is not enforceable against the debtor or third parties unless . . . the debtor has signed a security agreement which contains a description of the collateral . . . ." Section 400.9–204, RSMo 1978 states that "[a] security interest cannot attach until . . . the debtor has rights in the collateral." Defendant contends the evidence showed that Best, not the corporation, was the real owner of the contested property.[1] He further contends that since Best did not sign the security documents in his individual capacity, the plaintiff bank could not have acquired an enforceable security interest in the equipment. Defendant concedes that all the documents were executed by the corporation.

Plaintiff, however, contends that the evidence showed that the corporation owned the equipment at the time of the execution of the security documents, and that as a result plaintiff had a valid security interest in the equipment authorizing its repossession after the default on the note. Thus, a narrow issue is presented to us. There is no dispute that the note was in default, and that if the party owning the equipment had executed the security agreement, then plaintiff is entitled to the relief granted by the trial court.

We believe that the following evidence supports the trial court's determination that plaintiff did have a valid security interest. The note (evidencing the loan which financed the purchase of the equipment) was executed and signed solely by the corporation. Best and his wife signed the security agreement only in their corporate capacities, and the body of that agreement contained the clause in which it was warranted that "[d]ebtor now owns the collateral free of all liens and encumbrances and will defend title to the same against the claims and demands of all persons." It was also the corporation which executed the financing statement. In addition, defendant admitted that at the time of his transaction with Best, he was told by Best that plaintiff "had a mortgage" on the equipment. Finally, Richard G. Davis, Executive Vice President of plaintiff, testified that the purchase money loan for the equipment was made "[t]o Best, doing business as Spring Valley Farms, Incorporated."

Defendant's central contention that the evidence showed that the owner of the property was Best rather than the corporation was based upon various statements made during the testimony of Davis which conflict with his statement that the loan was made to "Best, doing business as Spring Valley Farms, Incorporated." While we are cognizant of these conflicting statements, they merely go to the weight of Davis' testimony.[2]

In light of the record, we cannot say that the trial court's order was against the weight of the evidence, that it was not supported by substantial evidence, or that it erroneously declared or applied the law. Therefore, under *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976), we are obligated to affirm the judgment of the trial court.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

1. Although it appears that plaintiff possessed the original bill of sale for the equipment, neither party entered it into evidence. It is therefore unclear whether the purchaser was listed as the the corporation or as Best personally.

2. The conflicts in Davis' testimony regarding ownership of the equipment were not fatal to plaintiff's case. This court has previously stated that:

[W]here a party relies on the testimony of a single witness to prove a given issue, and the testimony of such witness is contradictory and conflicting, one version thereof tending to prove the issue, the other tending to disprove it, with no explanation of the contradiction, and no other fact or circumstance in the case tending to show which version of the evidence is true, a submissible case is not made.

*Hill v. Barton*, 579 S.W.2d 121, 128 (Mo.App. 1979). Here, however, we believe that plaintiff had made a prima facie case by its introduction of the note and security documents. *Brown v. Morgan*, 56 Mo.App. 382 (1894), and that these documents also tended to show which version of Davis' testimony was true.