## TRISTRAM EATON *vs.* WILLIAM EMERSON.

In an action on a bond, conditioned to convey certain land on the payment of four notes according to the tenor thereof at four different fixed times, *it was held :* that a tender, made two days before a note fell due to the holder of the note, who replied, " you have made your tender, I shall not take the money," was sufficient evidence of the performance of the condition, as to that note ; but that a tender made one day after another note fell due, to which the holder replied, " he had nothing to say or do about it," was not a sufficient excuse for the non-payment of that note, when it fell due.

Giving a bond to one to convey land to him on the performance of certain conditions, does not disqualify the obligor from conveying the same land to another, to whom he had before given a similar bond to convey the same land.

Where a note is made payable in one year, parol evidence is inadmissible to prove that when the note was written, the maker requested to have it made payable in two years, which the payee declined to do, but promised, that he would wait for the money two years.

THIS was an action of covenant broken on a bond given by the defendant to the plaintiff, dated *June* 23, 1830, reciting that the defendant had agreed to convey to the plaintiff two lots of land, and had received from the defendant his four promissory notes of the same date, each for the sum of $78, payable in one, two, three, and four years, with interest annually ; and concluding as follows : " Now if the said *Emerson*, on the payment of said notes according to the tenor thereof, shall make and execute to said

*Eaton* a good and sufficient deed, then this obligation to be void."
The counsel for the plaintiff offered to read to the jury the deposition of one *Atkinson*, when the counsel for the defendant objected
to the reading of any portion thereof, excepting so much as related
to the execution of the bond. *Emery J.*, before whom the trial
was had, admitted the deposition, *de bene esse*, subject to be admitted or rejected during the trial, and the whole was read to the jury.
Afterwards, the Judge, in his charge to the jury, instructed them
that all the statements in *Atkinson's* deposition of conversations
prior to the execution of the bond, were to be entirely disregarded
by them; but the portions they were to disregard were not pointed
out to them by the Judge. The substance of the deposition appears in the opinion of the Court. The plaintiff, to show that the
defendant had extended the time of payment, in addition to the
testimony of *Atkinson* in his deposition, called one *Pierce*, who
swore, that he was at *Bangor* with the plaintiff the last of *May*
or first of *June*, 1831, " at *Emerson's* boardinghouse, in the front
yard, when no other person was present," and heard a conversation
between them, in which "*Eaton* said he had not the money to pay
the first note, but had a good horse and wagon; *Emerson* said he
did not want them, did not care about the money, and could wait
longer; that *Eaton* said he was going on to the land, and *Emerson*
said nothing against it." The plaintiff proved, by sundry depositions, that on *June* 21st, 1832, he tendered to the defendant $353,
" in payment for the four notes of hand given by him to Mr. *Emerson*," who said, "*Eaton, you have made your tender. I shall not
take the money*," and nothing more. Also another tender, made
*June* 24, 1833, of $96, to which the defendant said, " he had
nothing to do or say about it." Also another tender of $100,
made *June* 23, 1834, " and demanded the note which Mr. *Emerson*
held against him. He refused to take the money, and did not give
up the note." On *March* 21, 1832, the defendant gave a bond
to *B. Milliken*, to convey the same land to him at a future day,
on payment of a certain sum, but no conveyance had been made
at the time of the trial. The plaintiff read in evidence a letter
from the defendant to the plaintiff, dated *April* 7, 1832, of which
the following is a copy: " Yours of the 4th inst. is received, and
in answer I say, that you have never performed any part of your

agreement with me. When I last saw you, you said you would go and clear up the land, which you had cut down, and proceed on and make further falling of trees, but did not perform any part of what you promised. Therefore I consider your agreement at an end, and have accordingly sold the land to another person. I am ready to give up your notes by your handing me the bond."

The counsel of the defendant objected, that the tender of *June* 21, 1832, could at the farthest apply only to the first note, due in *June*, 1831, and not to that which became due two days after the tender, and in relation to which there was neither tender nor offer to pay, when it became due, nor for a year afterwards; that the tender of *June* 24, 1833, was not in season, and not enough in amount to pay the 2d and 3d notes then due, and interest on the 4th, and the tender of *June* 23, 1834, coupled with a demand of the note, as a condition, was invalid as to the 4th note, and that unless each of the three were paid, or payment tendered when due, the action must fail. He also insisted, that the giving of a bond to convey the land to another, did not disable him from conveying to the plaintiff, and did not dispense with payment or tender of payment. He also urged, that even if the other difficulties could be surmounted, that a demand for a deed should be made before any suit could be maintained. *Emery J.* instructed the jury, that the several tenders proved were sufficient and made at the proper times, provided the jury believed the testimony, that the extension of the time was made; that the jury were to consider the letter of the defendant, and from that, together with the other evidence, come to a conclusion, whether the defendant had in fact disabled himself from conveying; and if so, they would give such damages as they believed the plaintiff had sustained. The verdict was for the plaintiff, and was to be set aside, if the rulings, or instructions, were erroneous.

*J. Shepley*, for the defendant, renewed the objections made by him at the trial, and contended : —

1. The deposition of *Atkinson* was illegally admitted. The general principle, that parol evidence is inadmissible to vary or control the written instruments of the parties, is too well settled to need support or comment. The latest reported case in this State, is *Lincoln* v. *Avery*, 1 *Fairf.* 418. The conversation detailed in

the deposition shows, that it was before the delivery; but if it were not, it is well settled, that any conversation at the time, whether before or after the execution and delivery, to explain or control it, cannot be proved by parol evidence. 9 *Greenl.* 128; 4 *Greenl.* 371; 7 *Greenl.* 435; 5 *Greenl.* 384; 11 *Pick.* 417; 10 *Pick.* 228; 5 *Conn. R.* 451; 2 *Stark. Ev.* last ed. in 2 vols. 550, note 1. But if the Judge was right in his law, still there should be a new trial, because in such case the Court ought to have decided what was to be submitted to the jury, as legal evidence, and what was not; and not have left it to the jury to determine for themselves.

2. The defendant had not incapacitated himself from giving a deed of the premises. If a man give bonds to half a dozen men to convey to each the same tract of land, while the land remains his, he can convey to either. The bond was not given to *Milliken* until *Eaton* had forfeited all claim under his. If he had actually conveyed, he might have purchased back the land and given a good title. The letter does not aid the plaintiff. 1. Because the whole must be taken together, and thus shows a good cause for not conveying; and 2. Because the word *sold* applies to the sale to *Milliken* by bond, and not to any conveyance to another. It was therefore necessary to show full performance on the part of the plaintiff.

3. The testimony in relation to extension of the time of payment, related exclusively to the note due *June* 23, 1831. Not one word was proved to have been said by the defendant dispensing with the strictest performance respecting the other three. The tender of *June* 21, 1832, could be good but for the first of the four notes, for neither of the others had then fell due, and the plaintiff was under no obligation to take the money. His reply gave no reasons why he would not take the money, and merely put the plaintiff on his guard to be cautious. *Saunders* v. *Frost*, 5 *Pick.* 267. The tender of *June* 24, 1833, was made too late, as it was after the note was due. *City Bank* v. *Cutter*, 3 *Pick.* 418. The tender made on the 23d of *June*, 1834, although made on the right day, was invalid, because accompanied with a condition the plaintiff had no right to impose. *Brown* v. *Gilmore*, 8 *Greenl.* 107; *Loring* v. *Cooke*, 3 *Pick.* 48.

Eaton *v.* Emerson.

4. It was not *Emerson's* duty to follow *Eaton* with a deed, but *Eaton* should have demanded it, and waited a reasonable time to have had it made. *Hunt* v. *Livermore*, 5 *Pick.* 397.

*D. Goodenow*, for the plaintiff, insisted, that the deposition of *Atkinson* was rightly admitted, with the restriction put upon it by the Judge. This is not making a bargain to alter the effect of the writing, but merely to give an extension of time beyond that fixed in the note. *Smith* v. *Tilton*, 1 *Fairf.* 350 ; *Fuller* v. *McDonald*, 8 *Greenl.* 213 ; *Boyd* v. *Cleaveland*, 4 *Pick.* 525 ; *Kelleran* v. *Brown*, 4 *Mass. R.* 443 ; *Fleming* v. *Gilbert*, 3 *Johns. R.* 528 ; *Ward* v. *Winship*, 12 *Mass. R.* 481.

The defendant had disabled himself from conveying, and no tender of payment, or performance, on the part of the plaintiff was necessary. 8 *Johns. R.* 257 ; 11 *Johns. R.* 525 ; 16 *Mass. R.* 161 ; 14 *Mass. R.* 266.

The plaintiff tendered full performance of the contract on his part, within the time stipulated, and the extended time given him by the defendant, although he was not bound to do it. It is not, however, necessary to show full performance, because the tender may be waived ; and the defendant did not refuse to take the money, because it was not offered at the right time, but because he had sold the land to another. The right may be waived, 7 *Johns. R.* 476 ; 7 *Greenl.* 91 ; 1 *Dane's Ab.* 249 ; 13 *Mass. R.* 396 ; 7 *Greenl.* 394. The tenders made were at the right time and were sufficient in amount. 5 *Coke's R.* 114 ; 3 *Salk.* 131 ; 5 *Pick.* 267 ; 4 *Greenl.* 298 ; 1 *Pick.* 485 ; 4 *Mass. R.* 245 ; 1 *Peters*, 455. If the defendant had intended to insist on a forfeiture he should have notified the plaintiff of his intention, having once told him he should not exact it at the time it became due.

But if any of the instructions of the Judge should be thought wrong, still the verdict ought not to be set aside, as the jury came to a correct decision, and a new trial would be of no service to the defendant. *Farrar* v. *Merrill*, 1 *Greenl.* 20.

The case was continued, for advisement, and the opinion of the Court was afterwards drawn up by

WESTON C. J. — The first payment to be made, according to the condition of the bond, and the terms of the notes given, was

the note which fell due at the end of the year, and the interest on the three other notes. If the defendant, after the execution of the contract, agreed to extend the first payment another year, as the jury have found, we think the enlarged time applied both to principal and interest. On the twenty-first of *June*, 1832, a sufficient sum was tendered, to cover the amount of the two first notes, with interest on the whole. It is insisted, that this tender, as it respects the second note, was two or three days too soon, and that the defendant was not then bound to receive it. If the plaintiff had claimed a deduction of interest, it might have been objectionable; but as there was an actual tender of the interest for full two years, more especially as the defendant admitted the tender, and made no objection on account of the time, we are of opinion, that it must be regarded as good for the first two notes, and the interest on the whole for two years.

Excluding the day of the date, in the computation of time, which is the rule in regard to notes of hand and bills of exchange, the third note became due on the twenty-third of *June*, 1833. *Chitty on Bills*, 343; *Windsor v. China*, 4 *Greenl.* 298. The plaintiff had the whole of the twenty-third of *June*, in which to pay the note; but a tender on the twenty-fourth was too late by one day, according to the condition of the bond, and the terms of the note. Nor do we think, that the plaintiff can charge the defendant upon the bond, without a tender on his part. The defendant might have conveyed the land to the plaintiff, notwithstanding his subsequent obligation to convey to another.

The bond and the notes, referred to in the condition, were parts of one transaction. After the bond had been prepared and executed, according to the deposition of *Nathaniel Atkinson*, the plaintiff wanted to have the notes written, so that the first payment should not fall due under two years. The deponent states, that the defendant declined to have them so written; but said he would wait for that period of time. This must be regarded as inadmissible, according to the whole current of the authorities. The written instruments executed at the time, are the only legal evidence of what the parties then agreed; and they cannot be varied, enlarged or extended by parol testimony. There is, it is true, other evidence tending to show a subsequent enlargement of the time, which is not

liable to objection; but as this was a point controverted, the jury might not have been satisfied of this fact, without the aid of *Atkinson's* deposition, which was incompetent. The verdict must be set aside, and a new trial granted.