Squier v. Evans.

SQUIER, *Appellant*, v. EVANS *et al.*

Division Two, March 18, 1895.

1. **Parol Evidence:** WRITTEN CONTRACT. Parol evidence is inadmissible, except in cases of fraud or mistake, to vary or change the terms of a written contract.

2. ———: GUARANTY. Parol evidence is inadmissible in an action, on a written guaranty, to show that the manner of payment is different from that expressed in the instrument.

3. ———. Where, however, in an action on a written contract, the defense is want, or failure, of consideration, or where the purpose is to contradict a mere receipt of money, or to explain or to controvert the consideration clause in a deed or mortgage, parol evidence is admissible.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Pratt, Ferry & Hagerman* for appellant.

The evidence that Squier refused to bind himself in writing, but verbally agreed with defendants, before the execution of the written guaranty, to stand his proportion of the loss, was inadmissible, and the plaintiff is entitled here to the judgment which he

should have been given below. The rule that parol evidence can not vary the terms of a written contract is well settled, and has recently been considered at large and enforced by this court. *State ex rel. v. Hoshaw*, 98 Mo. 358; *Morgan v. Porter*, 103 Mo. 135; *Tracy v. Iron Works*, 104 Mo. 193; *Boyd v. Paul*, 28 S. W. Rep. (Mo.) 171; see, also, *Wislizenus v. O'Fallon*, 91 Mo. 184; *Borden v. Peary*, 20 Ark. 293; *Brown v. Wiley*, 20 How. (U. S.) 442; *Joyner v. Turner*, 19 Ark. 690; *Eaton v. Emerson*, 14 Me. 335; *Barry v. Morse*, 3 N. H. 132.

*Gage, Ladd & Small* for respondent.

Parol evidence was competent to show the whole or the true consideration upon which the defendants signed the agreement of guaranty or surety sued on. It is an elementary principle of law that the consideration expressed in a deed or other instrument may be explained or contradicted by parol testimony, and the true consideration shown, and that the consideration clause in any such deed or agreement occupies no higher plane than an ordinary receipt for money. *Aull Savings Bank v. Aull*, 80 Mo. 201; *Baile v. Ins. Co.*, 73 Mo. 386, 387; *Hollocher v. Hollocher*, 62 Mo. 267; *McConnell v. Brayner*, 63 Mo. 464, 465; *Fontaine v. Sav. Inst.*, 57 Mo. 561; *Altringer v. Capeheart*, 68 Mo. 441; Brandt on Suretyship and Guaranty [1 Ed.], sec. 352.

BURGESS, J.—On March 8, 1891, the Kansas City Agricultural and Horticultural Fair Association, a corporation, was indebted in various amounts aggregating about the sum of $53,000. The company issued $75,000 of bonds, and executed a mortgage on all of its property to secure their payment. On March 8, 1891, plaintiff loaned the company the sum of $53,000 and took its note therefor, and to secure its payment the com-

pany pledged to plaintiff $60,000 in its bonds, which it had theretofore issued, and, with the money borrowed, paid all the debts of the corporation, including some of its notes for $20,000, upon which plaintiff and some of the other directors of the company were indorsers. Plaintiff was a stockholder and director for several years, but resigned as director some time after the indorsement by him of the notes given by the company for said $20,000. Defendants McClintock, Stewart and Evans, were not on any of the paper of the corporation.

At the time plaintiff loaned the $53,000 to the company, in addition to the $60,000 in bonds as collateral, the defendants executed to him the following guaranty:

"Whereas, at our request, J. J. Squier, of Kansas City, Missouri, has loaned the Kansas City Agricultural and Horticultural Fair Association the sum of $53,000, for which he has taken the note of said association, due June 8, 1891, bearing interest from its date, to wit, March 8, 1891, at the rate of eight per cent. per annum, and which said note is secured by a pledge of $60,000 of the bonds of said association heretofore issued, and which said bonds are secured by a deed of trust on all the property of said association; and, whereas, according to the agreement under which said bonds are pledged with said Squier, he has power, under certain circumstances, to either sell said bonds or foreclose, or sell out under the deed of trust securing the same, in order to raise the money to pay his said note of $53,000 and interest, in case default is made in payment of the same when due.

"Now, therefore, know all men, that we, the undersigned, in consideration of the premises, and in pursuance of the promises made by us heretofore to said Squier, in order to induce him to make said loan, hereby bind ourselves, jointly and severally, unto the said J. J. Squier and his assigns, as follows:

"That if said note of $53,000 is not paid when due, and if the same or any part thereof is renewed and the same or any part thereof so renewed shall not be paid when thereafter due pursuant to such renewal, and said Squier (or his assigns) sells or causes to be sold said bonds, under said pledge, to pay said note and interest, and at such sale said bonds do not sell for enough to pay said note and interest in full, that they, the undersigned, will pay the said Squier, or his assigns, the balance that may be due on said note, after the application of the proceeds of such sale toward the payment of the same. Or, if said Squier (or his assigns) sells out or forecloses under said deed of trust, and at such sale or foreclosure, the property of the corporation covered by said deed of trust does not bring enough net proceeds to pay off said note and interest, in full, they, the undersigned, will pay the said Squier, or his assigns, the balance that may be due on said note, after the application of the proceeds of such sale or foreclosure toward the payment of the same.

"In witness whereof, we have hereunto set our hands and seals this eleventh day of March, 1891.

| | |
|---|---|
| "J. C. EVANS, | [Seal] |
| "GEO. SHEIDLEY, | [Seal] |
| "ED. H. WEBSTER, | [Seal] |
| "GEO. HOLMES, | [Seal] |
| "PATTERSON STEWART, | [Seal] |
| "W. H. TOWN, | [Seal] |
| "JAMES H. OGLEBAY, | [Seal] |
| "ROBT. McCLINTOCK, | [Seal] |
| "MILTON WELSH, | [Seal] |
| "BERNARD CORRIGAN, | [Seal] |
| "FRED. S. DOGGETT. | [Seal] " |

The note to plaintiff was not paid at maturity, and the $60,000 in bonds, held by him as collateral, were

sold and from said sale there was realized, after paying costs, $12,938, which was credited on said note. Plaintiff then brought this suit against defendants on the guaranty above set forth to recover the difference between what the bonds sold for and the amount of his note, against the fair association.

The defendants set up in their answer that they are ready and willing to pay eleven twelfths (11-12) of this balance, but that they are unwilling to pay the other one-twelfth (1-12), for the reason that the plaintiff was equally liable with defendants for a portion of the indebtedness, and at the time the guaranty was made and the money loaned, agreed to bear his share, one twelfth of any deficiency that might remain after the sale of the bonds of the corporation, and that it was in pursuance of this agreement and upon this consideration that they executed the guaranty sued on.

At a trial had, judgment was rendered in favor of plaintiff for eleven twelfths of the amount remaining due on the note, from which judgment plaintiff appealed.

During the trial, defendants were permitted to prove, over the objection and exception of plaintiff, that prior to the execution of the contract, and during the negotiations, plaintiff refused to sign any writing, but verbally agreed with the defendants that, if there was any deficiency on the note after applying whatever might be realized from the $60,000 in bonds of the company, he would be responsible for his proportion of that amount; that is to say, one twelfth. In the admission of this evidence, plaintiff contends that the court committed error.

It is an elementary principle of law that parol evidence, in the absence of fraud or mistake, is not admissible for the purpose of varying the terms of a written contract, and that the terms of such a contract

can not be varied or changed by parol evidence. *State ex rel. v. Hoshaw*, 98 Mo. 358; *Morgan v. Porter*, 103 Mo. 135; *Tracy v. Iron Works*, 104 Mo. 193; *Boyd v. Paul*, 125 Mo. 9; *Jones v. Shepley*, 90 Mo. 307. This proposition is not controverted by defendants, who contend that the evidence was competent, not for the purpose of varying the terms of the written contract, but for the purpose for which it was introduced, that is, to show the consideration for the contract of guaranty, upon which the action is predicated.

In all actions founded upon contract, where the defense is the want or failure of consideration, or where the purpose is to contradict a mere receipt for money, or to explain or contradict the consideration clause in a mortgage or deed, such evidence is admissible. *Bank v. Aull*, 80 Mo. 201; *Baile v. Ins. Co.*, 73 Mo. 386; *Hollocher v. Hollocher*, 62 Mo. 267; *McConnell v. Brayner*, 63 Mo. 464; *Fontaine v. Savings Institution*, 57 Mo. 561; *Altringer v. Capeheart*, 68 Mo. 441; Brandt on Suretyship and Guaranty [1 Ed.], sec. 352.

The note executed to plaintiff by the fair association was an unconditional promise to pay plaintiff the sum of $53,000; and the written guaranty for the payment of whatever remained unpaid thereon after the application of the proceeds arising from a sale of the collateral bonds for $60,000 was alike unconditional, and the effect of this evidence was only to vary and change the terms of the written contract. It had no tendency whatever to show a want of consideration for the guaranty, but did show that plaintiff agreed, or promised some of the defendants, that he would pay his part, to wit, one twelfth of the amount remaining unpaid on the note, if anything, after deducting the amount realized by him from the collaterals. The consideration for the guaranty as expressed therein was for the payment of the $53,000 note, and not any promise

that plaintiff may have made to pay, or to stand good for, his part of any deficiency that remained after the sale of the bonds. The evidence only tended to prove the manner of payment to be different from that specified in the guaranty, and was not, we think, permissible for that or any other purpose under the facts as disclosed by the record. *Borden v. Peay*, 20 Ark. 293; *Brown v. Wiley*, 20 How. (U. S.) 442; *Cowles v. Townsend*, 31 Ala. 133; *Joyner v. Turner*, 19 Ark. 690; *Eaton v. Emerson*, 14 Me. 335; *Campbell v. Upshaw*, 7 Humph. 185.

Nor does the fact that plaintiff was indorser on some of the other notes with which the $53,000 borrowed from him by the association was paid change the law as herein announced.

For the error of the court in admitting the evidence objected to by plaintiff, and instructing the jury upon the same theory, the judgment is reversed and the cause remanded with directions to the trial court to enter up judgment in favor of plaintiff, and against defendant, for the full amount sued for. All of this division concur.