C. H. HARRINGTON, Respondent, v. F. W. BROCKMAN COMMISSION COMPANY, Appellant.

Kansas City Court of Appeals, May 30, 1904.

1. **EVIDENCE: Varying Contract: Merger.** Parol evidence can not be admitted to vary a written contract which is a merger of all antecedent and simultaneous agreements and is conclusive of the terms and conditions of the agreement.

2. **CONTRACTS: Pleading: Modification: Evidence.** A written contract may be modified by a subsequent parol agreement upon sufficient consideration and may be declared upon by setting out the contract and the modification, and unless pleaded the evidence of the modification is inadmissible.

3. **MASTER AND SERVANT: Indefinite Employment: Discharge: Pleading: Evidence.** Where the employment is for an indefinite time the master may at any time discharge the servant and on the pleading and evidence in the record there was nothing to go to the jury as to the unlawful discharge of the defendant.

4. **————: Contract: Pleading: Evidence.** Upon the pleading and evidence the liability of the defendant to pay the plaintiff as his servant a given monthly allowance for house rent after the plaintiff's discharge, was improperly submitted to the jury.

Appeal from Cole County Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED.

*Silver & Brown* for appellant.

(1)   It is well settled in this State that an **agent** or servant employed for an indefinite period of time may be discharged at any time.   Such is the legal import or meaning of a contract of that character. Boogher v. Ins. Co., 18 Mo. App. 533; Finger v. Brewery, 13 Mo. App. 310; Evans v. Railway, 24 Mo. App. 114.   And it is immaterial that the compensation for the service is so much a day, month or year.   (2)   The contract in this case is set forth in the letter of plaintiff to defendant, bearing date February 28, 1902, and which was duly accepted by defendant.   The legal import of the contract (inasmuch as it fixed no definite period for the employment), was that the employment could be terminated at the will of either party, and such being the case parol evidence was inadmissible to prove a contract to continue until the World's Fair in St. Louis or for any other definite period of time.   This case falls within the rule announced by this court in Blake Mfg. Co. v. Jaeger, 81 Mo. App. 239; Williams v. Railway, 85 Mo. App. 104; The Delaware, 14 Wallace 579; Schierbaum v. Schemme, 157 Mo. 2.   (3)   The trial court committed error in refusing to sustain defendant's demurrer to the evidence offered both at the close of plaintiff's case and on all the evidence and also in instructing the jury at plaintiff's request on the theory that there could be a recovery by plaintiff if defendant had abandoned the colored Masonic Lodge building without having given plaintiff a month's notice in writing of its intention to terminate the tenancy asserted by plaintiff to exist between plaintiff and defendant.   6 Lawson on Rights and Remedies, sec. 2784; Kerrains v. People, 60 N. Y. 221; 18 Am. and Eng. Ency. Law (2 Ed.), p. 172, (4)   What is implied in a contract is as much a part of it as if expressed.   State v. Gilmore, 141 Mo. 506; Smith v. Tyler, 57 Mo. App. 668; Chapman v. Curne, 51 Mo.

App. 40; Boone v. Stover, 66 Mo. 434; 6 Lawson on Rights and Remedies, sec. 2784. (5) Plaintiff's instructions as given by the court are erroneous in other respects. Vegely v. Robinson, 20 Mo. App. 199; Cole v. Armour, 154 Mo. 333; Bender v. Dungan, 99 Mo. 126; Smith v. Transfer Co., 92 Mo. App. 41; Reynold's Evidence (3 Ed.), p. 116; State v. Melton, 8 Mo. 417; Marshall v. Ferguson, 94 Mo. App. 175.

*Pope & Belch* for respondent.

(1) The evidence as to what transpired after the letter was written and received is a part of the transaction, and was properly received in evidence. And by reference to appellant's abstract of the testimony, it will appear that the testimony was all proper and material to the issues in the case. Bunce v. Beck, 43 Mo. 266; Henning v. Ins. Co., 47 Mo. 425; Lanitz v. King, 93 Mo. 513; Harrison v. Railroad, 50 Mo. App. 332; Sutter v. Raeder, 49 Mo. 297. (2) Under the pleadings in the case and evidence produced, respondent was entitled to go to the jury. Johnson v. Loomis, 50 Mo. App. 142; Cravens v. Hunter, 87 Mo. App. 456. (3) The contention of plaintiff that the instructions were wrong, is based on the theory that the respondent should have been held technically to prove the exact case stated in his petition and none other. Such is not the law. The pleadings raise issues under which all the testimony was admissible, and to which the instructions were pertinent. Smith v. Ham, 51 Mo. App. 433; Estes v. Shoe Co., 155 Mo. 577. (4) Plaintiff's dismissal by defendant without cause was wrongful. And the verdict for plaintiff was for the right party under the evidence. Howard v. Shoe Co., 82 Mo. App. 405; Wilcox v. Baer, 85 Mo. App. 587; Reynolds v. County, 162 Mo. 680; Gildersleeve v. Overstolz, 90 Mo. 518; Trust Co. v. Murmann, 90 Mo. 555.

BROADDUS, J.—The plaintiff's petition alleged that, "on the first day of March, 1902, defendant employed plaintiff to conduct the buying and shipping of produce and act as its manager at Jefferson City, Missouri, at the price of $12.50 per week for services and $7 per week for the services of his son, Arthur, and $5 per week for a helper, and $13 per month for store rent and such other incidental expenses as might be necessary to the prosecution of said business, said employment to be permanent and last until the World's Fair at St. Louis, Mo., .at least, and that defendant accepted such employment, and the terms thereof, as hereinbefore set out, on the seventh day of March, 1902, plaintiff having secured the services of his said son and a good hand for helper as agreed, and having also rented a storeroom for the use of defendant under the terms of the contract, as therein provided and agreed, and having abandoned other business and incurred great expense to enable him so to do, entered the service and employment of defendant under said contract, and brought with him and furnished for defendant the services of his said son, and a good hand for helper, also procured and furnished defendant with a storeroom as agreed and continued in the employment of defendant, discharging all of his duties and obligations under said contract until April 4, 1902, when defendant wrongfully and without notice to plaintiff, discharged him and his said son and the helper he had hired, and refused to further occupy or use the storeroom that plaintiff had secured for defendant at great cost, and from and after April 4, aforesaid, refused to perform the contract aforesaid on its part, by reason of which plaintiff is damaged," etc.

The answer was a general denial with which were coupled several special defenses. There was a trial and judgment for the plaintiff and defendant appealed.

During the progress of the trial the plaintiff was introduced as a witness in his own behalf and by his

testimony it was developed that he had made and defendant had accepted the following proposition in writing:

"Jefferson City, Missouri, Feb. 28, 1902.
"Mr. F. W. Brockman, St. Louis, Mo.

"Dear sir: I hereby make you the following offer to conduct the buying and shipping of produce at this place for your account and orders as manager, $12.50 per week for myself and $7.50 per week for my son, Arthur, who is 24 years old and grown up in the business a good hand, and $5 per week for another helper, you to pay $13 per month for store rent and such other incidental expenses as may be necessary to the prosecution of said business. You to finance the business and have full control, myself, as manager, to be governed by your orders and prosecute the business to the best possible advantage for your interest.

"Yours truly,
"C. H. HARRINGTON."

This constituted a contract between the parties and which in its terms is substantially the same as that pleaded in the petition except that it is not therein provided that the plaintiff's employment was to be permanent and last until the World's Fair in St. Louis, at least.

The court permitted the plaintiff, over the objections of the defendant, to testify to various parol negotiations and agreements entered into between himself and defendant prior to the entering into the written contract. This testimony was in part to the effect that plaintiff had rented a business house and that the defendant had said that he would pay the rent plaintiff had agreed to pay and take it off the latter's hands; that he (defendant) wanted plaintiff to "get a hustle on" and as the World's Fair was coming on he would need a great deal of "stuff," and that he (plaintiff) was the man he wanted, and this thing would be con-

tinued any way until after the World's Fair etc.; to all of which defendant objected on the ground that as the contract upon which the action was brought was in writing and that parol evidence was incompetent to add to, change, vary or alter it in any particular. But the court overruled defendant's objection and permitted it to go to the jury, ''on the theory that the contract in writing was in a letter and might be partly in writing and partly parol.''

The contract was not incomplete but was a full expression of the entire understanding of the parties thereto; and therefore it falls within the rule which forbids the admission of parol evidence to vary or alter a written contract. Mfg. Co. v. Jaeger, 81 Mo. App. l. c. 242; Squier v. Evans, 127 Mo. 518. And it has been ruled in many cases in this State that in the absence of fraud or mistake—of which there is no pretense in the present case—a complete written contract is a merger of all antecedent or simultaneous agreements between the parties and affords conclusive evidence of knowledge and assent on the part of the parties to its contents, terms and conditions. Huber Mfg. Co. v. Hunter, 87 Mo. App. 50; Kellerman v. Railroad, 136 Mo. 177.

It is quite true that parties by subsequent parol agreement upon a sufficient consideration may change or modify a written contract. Bunce v. Beck, 43 Mo. 266; Henning v. Ins. Co., 47 Mo. 425. But when they do so they must declare on the contract as it stands modified. This is usually done by setting out the contract and the modification of it. Every substantive fact which the plaintiff must prove to maintain his action should under the practice act be alleged so that an issue can be made thereon. Lanitz v. King, 93 Mo. 513; Smith v. Ham, 51 Mo. App. 433. And so that part of the testimony of the plaintiff relating to agreements and understandings entered into by him with defendant after the making of the written contract were inad-

missible under the allegations of the petition. It results that both the prior and subsequent agreements and understandings to which the plaintiff testified were inadmissible to add to or vary the written contract, and therefore the action of the court in admitting the same was improper.

The allegation of the petition to the effect that the plaintiff's employment was to be permanent and last at least until the World's Fair is unsupported by the written contract or by any legitimate parol evidence. With this element eliminated the contract must be construed as one where the employment of the plaintiff under its provisions was for an indefinite period of time; and therefore the defendant was authorized at any time to discharge the plaintiff from such employment. Boogher v. Ins. Co., 8 Mo. App. 533; Finger v. Brewing Co., 13 Mo. App. 310; Evans v. Railroad, 24 Mo. App. 114.

In looking at the instructions requested by plaintiff and the small amount of the verdict we conclude that a recovery for the alleged wrongful discharge was not insisted upon before the jury, or, if so, that no damages were allowed by it on that account. Upon no theory which we are able to evolve from the evidence adduced can we think the plaintiff entitled to recover for a wrongful discharge; and unless the plaintiff was entitled under the evidence to go to the jury on the issue that plaintiff rented a storeroom for the use of defendant under the contract and refused to occupy and use the same, the defendant's instruction in the nature of a demurrer to the evidence should have been given.

By recurring to the written contract it will be seen that by its terms the defendant was bound "to pay $13 per month store rent and such other incidental expenses as may be necessary in the prosecution of said business." From this it is entirely clear that the obligation thereby imposed upon the defendant was to pay plaintiff thirteen dollars per month for rent of the store

during the period the plaintiff's employment should continue.

The evidence discloses the fact that prior to the time the plaintiff made his proposition to defendant, hereinbefore set forth, he had rented of the negro Masons a storeroom in his own name and for his own use for one year, at a rental of $13 per month, and so we may fairly infer that the branch of the proposition just referred to was made so as to enable him during the time of his employment to use said storeroom, and in that way carry his lease thereon without loss to himself. Neither the contract in its entirety nor in any special provision thereof under any reasonable interpretation can be held to authorize the plaintiff to enter into a lease of a storeroom in defendant's name, or, if so, for a term exceeding that from month to month. The contract authorized plaintiff to monthly appropriate $13 of the defendant's money for the payment of the rent of a storeroom in which to carry on the business of the agency. The clear implication from the contract is that the plaintiff was authorized to rent a store by the month either in his own or defendant's name, no difference which, during the continuance of the agency.

The parties must be presumed to have known that the plaintiff's employment under the contract was at will and it would therefore be very unreasonable to suppose that they intended by such contract to authorize the plaintiff to bind defendant by any lease or contract for a year, or, for a term longer than that from month to month. And this seems to have been the construction placed upon the contract by the parties themselves in adjusting the item of rent in the final settlement of the business of the agency. It is conceded that the rent for the month plaintiff conducted the business of his agency was paid by defendant to plaintiff. There was no evidence that the plaintiff rented or sublet the storeroom to defendant beyond that which we have al-

ready stated was inadmissible. Nowhere in the record do we find any evidence to warrant the submission of the issue made by the pleadings in respect to the use and occupation of the storeroom.

Accordingly, it results that upon no issue made by the pleadings was the plaintiff entitled to go to the jury and that the court erred in denying the defendant's demurrer to the evidence. The judgment will accordingly be reversed. All concur.